IN THE UNITED STATES DISTRICT COURT FOR
THE NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| THARON PAUP, and CAROL J. SHUFFIT, | ) ) ) |
| Plaintiffs, | ) ) ) |
| v. | ) Case No. 05-CV-214-TCK-FHM ) |
| GEAR PRODUCTS, INC., | ) ) |
| Defendant. | ) |

**OPINION AND ORDER**

Before the Court is Defendant Gear Products, Inc.'s ("GP") Motion for Summary Judgment (Doc. 112). For reasons explained below, the motion is denied.

**I.    Procedural History[1]**

On September 26, 2007, the Court granted summary judgment in favor of GP and against Plaintiffs Tharon Paup ("Paup"), Carol Shuffit ("Shuffit"), and Gwen Coffelt ("Coffelt") on their claims arising under the Age Discrimination in Employment Act ("ADEA"). On June 18, 2009, the United States Supreme Court issued its decision in *Gross v. FBL Financial Services, Inc.*, 129 S. Ct. 2343 (2009). On June 19, 2009, the Tenth Circuit entered an Order and Judgment ("Tenth Circuit Order"), reversing this Court's grant of summary judgment against Paup and Shuffit and finding that they presented sufficient "pretext" evidence to survive summary judgment. *See Paup*, 327 Fed. Appx. at 114. The Tenth Circuit issued its mandate on July 13, 2009. Following the Tenth Circuit's mandate, the Court issued an Order for a new Joint Status Report setting forth proposed dates for the

---

[1] For a complete factual background, see *Paup v. Gear Products*, *Incorporated*, 327 Fed. Appx. 100 (10th Cir. 2009) (unpublished).

1

remaining events in the case. The Court stated that, based on *Gross*, it was "possible" that supplemental summary judgment briefing may be appropriate. On August 21, 2009, the parties filed a Joint Status Report, wherein they agreed on new deadlines for various events in the case, including dispositive motions.[2] The Court set a schedule based on the agreed dates in the Joint Status Report, and GP filed the currently pending motion for summary judgment in accordance therewith.

**II.**     ***Gross v. FBL Financial Services, Inc.***

The Tenth Circuit has held that Paup and Shuffit's ADEA claims must be submitted to a jury. The only reason to revisit the evidentiary record for summary judgment purposes is if the Supreme Court's decision in *Gross* overrules any law or standard utilized in the Tenth Circuit Order.[3]

   A.     *Gross*'s Holding

In *Gross*, a five-Justice majority of the Supreme Court held that a plaintiff bringing an ADEA claim bears the burden of proving "that age was the 'but-for' cause of the employment action." *Gross*, 129 S. Ct. at 2352. The Court further held that "the burden of persuasion does not shift to the employer to show that it would have taken the action regardless of age, *even when a plaintiff has produced some evidence that age was one motivating factor in that decision.*" *Id.* (emphasis added). The Court therefore prohibited

---

[2] Had Plaintiff objected to setting any new deadlines or requested an immediate trial, the Court would have considered the impact of *Gross* at that time. However, based on the parties' Joint Status Report, the Court reserved analyzing *Gross* until the new dispositive motion briefing.

[3] Because *Gross* was issued one day before the Tenth Circuit Order, and because *Gross* is not mentioned therein, it seems that the Tenth Circuit did not consider *Gross*.

use of the "mixed motive" burden-shifting framework first established in *Price Waterhouse v. Hopkins*, 490 U.S. 228, 244-45 (1989), in ADEA cases. *Id.* at 2351 (explaining that "the burden of persuasion necessary to establish employer liability is the same in alleged mixed motive cases as in any other ADEA disparate treatment action").[4] The majority distinguished the ADEA's "because of" language from Title VII's "motivating factor" language and held that the ADEA requires a plaintiff to show that age is "the reason that the employer decided to act" rather than merely a motivating factor in the decision. *Id.* at 2350; *see Leibowitz v. Cornell Univ.*, 584 F.3d 487, 498 n.2 (2d Cir. 2009) (noting that, after *Gross*, "a claimant bringing suit under the ADEA must demonstrate that age was not just a motivating factor behind the adverse action, but rather the 'but-for' cause of it."). *Gross* overrules extensive precedent applying the *Price Waterhouse* burden-shifting framework in certain ADEA cases. *See, e.g., Geiger v. Tower Automotive*, 579 F.3d 614, 621 (6th Cir. 2009) ("*Gross* overrules our ADEA precedent to the extent that cases applied Title VII's burden-shifting framework if the plaintiff produced direct evidence of age discrimination.").

*Gross*'s holding does not require the Court to revisit the evidentiary record for purposes of summary judgment in this case. The Tenth Circuit Order does not mention the "mixed motives" doctrine, does not apply the *Price Waterhouse* burden-shifting framework, and does not impermissibly shift the burden of persuasion on any issue to the Defendant. Instead, the Tenth Circuit merely held that Plaintiffs Paup and Shuffit satisfied their burden

---

[4] Under the "mixed motives" burden-shifting framework, now applicable only to Title VII cases, "[o]nce a plaintiff has shown that an improper reason was a substantial or motivating factor in the defendant's adverse treatment, *the employer must prove* by a preponderance of the evidence that it would have reached the same decision even absent the improper motive." *Kenworthy v. Conoco, Inc.*, 979 F.2d 1462, 1471 (10th Cir.1992) (emphasis added).

of producing sufficient evidence of pretext to reach a jury on the issue of whether age discrimination occurred, applying the *McDonnell Douglas* burden-shifting framework. *See Paup*, 327 Fed. Appx. at 114 (finding a "confluence of factors suggesting precisely the sort of pretext necessary for the plaintiffs to survive summary judgment"). Therefore, the Tenth Circuit did not apply any legal standards or principles that were expressly overruled by *Gross*.[5]

B.   *Gross*'s Dicta

In dicta, the Supreme Court called into question whether *McDonnell Douglas* burden shifting, which does not shift the ultimate burden of persuasion to defendant but does shift the burden of production at the summary judgment stage, has application in ADEA cases. *See id.* at 2349 n.2 (noting that "the Court has not definitively decided whether the evidentiary framework of [*McDonnell Douglas*] utilized in Title VII cases is appropriate in the ADEA context"). In the Tenth Circuit Order, issued one day after *Gross*, the court applied the *McDonnell Douglas* framework. *See Paup*, 327 Fed. Appx. at 108 ("Because Ms. Paup and Ms. Shuffitt rely on circumstantial evidence to prove their claim, we analyze whether summary judgment is merited in accord with the framework suggested by *McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 802-04, 93 S.Ct. 1817, 36 L.Ed.2d 668

---

[5] In setting forth general ADEA standards in his concurring opinion, Judge Hartz stated that a plaintiff's age must have played a role in the decisionmaking process and had a determinative influence on the outcome. *Paup*, 327 Fed. Appx. at 117 (Hartz, J, concurring). This statement of general law is overruled by *Gross*, which held that age must be the but-for cause of the employment decision. However, Judge Hartz' opinion, like the majority's opinion, ultimately turned on Plaintiffs' presentation of pretext evidence and not application of this ultimate legal standard. *See id.* at 123 ("[A] jury could reasonably infer that GP's proffered reasons for discharging Plaintiffs had such weaknesses, implausibilities, inconsistencies, incoherencies, or contradictions that they were unworthy of belief.") (internal quotations and citation omitted).

(1973)."). Since *Gross*, the Tenth Circuit has not discussed whether *McDonnell Douglas* burden shifting has continued application in ADEA cases.[6] Therefore, this Court must determine if *Gross* is irreconcilable with application of *McDonnell Douglas* in ADEA cases, such that the Tenth Circuit applied an impermissible form of burden shifting.

Circuits that have considered the question have continued to apply the *McDonnell Douglas* burden-shifting framework in ADEA cases, finding that such framework is not irreconcilable with *Gross*. *See Geiger*, 579 F.3d at 622 (6th Cir. 2009) ("[W]e find that the *McDonnell Douglas* framework can still be used to analyze ADEA claims based on circumstantial evidence."); *Smith v. City of Allentown*, 589 F.3d 684, 691 (3d Cir. 2009) ("While we recognize that *Gross* expressed significant doubt about any burden-shifting under the ADEA, we conclude that the but-for causation standard required by *Gross* does not conflict with our continued application of the *McDonnell Douglas* paradigm in age discrimination cases.") (reasoning that the *McDonnell Douglas* framework does not impose any shift in the burden of persuasion but merely shifts the burden of production); *see also Leibowitz*, 584 F.3d at 498 (reviewing grant of summary judgment in ADEA case) (citing *Gross*'s but-for standard and applying *McDonnell Douglas* burden shifting without discussion). District courts within the Tenth Circuit are in accord. *See, e.g., Fuller v. Seagate Tech., LLC*, 651 F. Supp. 2d 1233, 1243 n.9 (D. Colo. 2009) ("[T]his Court finds nothing in Justice Thomas' opinion [in *Gross*] that would alter the widespread use of the *McDonnell Douglas* framework to decide whether summary judgment is appropriate in

---

[6] The only Tenth Circuit decision discussing *Gross* held that *Gross* did not preclude application of the "pattern and practice" burden shifting framework in ADEA cases. *Thompson v. Weyerhaeuser Co.*, 582 F.3d 1125, 1131 (10th Cir. 2009).

ADEA cases."); *Moore v. Dirt Motorsports, Inc.*, No. CIV-08-135, 2009 WL 2997077, at * 5 (W.D. Okla. Sep. 15, 2009) ("*Gross* does not preclude application of the *McDonnell Douglas* burden shifting analysis to an ADEA claim based on circumstantial evidence.").

Following the above authority, the Court concludes that *Gross*'s dicta in footnote 2 does not prohibit *McDonnell Douglas* burden shifting in ADEA cases. Therefore, *Gross*'s dicta does not require the Court to revisit the evidentiary record for purposes of summary judgment, and this case will proceed to trial as mandated by the Tenth Circuit.[7] GP's Motion for Summary Judgment (Docket No. 112) is DENIED.

**ORDERED this 4th day of May, 2010.**

_____
**TERENCE C. KERN**
**UNITED STATES DISTRICT JUDGE**

---

[7] Defendant urges the Court to re-evaluate the evidence in light of *Gross*'s "but-for" standard. However, the Court has determined that the *McDonnell Douglas* framework remains applicable after *Gross*, and the Court does not believe the Tenth Circuit would decide the issues presented by this appeal any differently in light of the *Gross* decision. Therefore, the Court will not re-evaluate Plaintiffs' evidence as urged by Defendant.